**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kathy Heaton MILLER, Defendant–
Appellant.**

No. 00–6108.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2001.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

### ORDER

Kathy Heaton Miller, a federal prisoner, appeals her conviction for conspiracy to possess with the intent to distribute methamphetamine and distribution of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a multiple-count indictment involving Miller and several co-defendants, Miller was indicted on the above charges (Counts 1 and 5) as well as on an additional count of distribution (Count 6). A jury convicted Miller on Counts 1 and 5, and Count 6 was dismissed on the government's motion. The district court thereafter sentenced Miller to 70 months in prison, 4 years of supervised release, and a $200 special assessment. This sentence fell within the guideline sentencing range of 70–87 months in prison, based upon a total of-

fense level of 26 and a criminal history category of II.

Miller's court-appointed counsel has filed an appellate brief and a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised one possible issue: whether Miller's conviction was supported by sufficient evidence. Miller was notified of her right to respond to her attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief.

Counsel suggests, at Miller's urging, that insufficient evidence exists to support her conviction because she believes that two of her co-defendants, Helen Bledsoe Cobb and Barry Oliver, did not testify truthfully.

"Attacks on witness credibility are simple challenges to the quality of the government's evidence and not the sufficiency of the evidence." *United States v. Gibbs,* 182 F.3d 408, 424 (6th Cir.), *cert. denied,* 528 U.S. 1051, 120 S.Ct. 592, 145 L.Ed.2d 492 (1999). It was for the jury to decide whether Miller or the witnesses against her were more credible, and the jury chose not to believe Miller. Nonetheless, we have examined whether Miller's convictions are supported by sufficient evidence. Sufficient evidence exists to support a conviction where, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To show a conspiracy under 21 U.S.C. § 846, "the government must prove the existence of an agreement to violate drug laws and that each conspirator knew of, intended to join and participated in the conspiracy." *United States v. Peters,* 15 F.3d 540, 544 (6th Cir.1994). A formal or express agreement is unnecessary to establish a conspiracy under § 846; a mere "tacit or mutual understanding among the parties" is sufficient. *United States v. Phibbs,* 999 F.2d 1053, 1063 (6th Cir.1993). To establish a violation of § 841(a)(1), the government must prove knowing possession of a controlled substance with intent to distribute. *United States v. Christian,* 786 F.2d 203, 210 (6th Cir.1986).

Viewed in the light most favorable to the United States, a rational jury could have found the essential elements of each crime based on the testimony of Cobb and Oliver and a confidential informant, Jack Key. Cobb testified that she had advanced ounces of methamphetamine to Miller, who still owed her $4,000 for doing so. Cobb also testified that Miller notarized the bill of sale when Cobb traded her horse and colt for methamphetamine provided by Oliver. Oliver confirmed Cobb's testimony about the horse trade and also testified that he had sold Miller two or three grams directly. Finally, Key described a controlled purchase where he went to Miller's residence to buy "crank" (methamphetamine) from Miller's common-law husband, Pete Osborne. Although Osborne was not there, Miller retrieved a gram of methamphetamine from a back bedroom and sold it to Key for $120. Thus, sufficient evidence exists to support Miller's convictions.

We have reviewed the record for other possible issues which would merit review and have found none. We do note, however, two minor clerical mistakes on the first page of the judgment. The line which states that defendant "was found guilty on count(s) *one & two of the Indictment"* should be corrected to indicate instead that defendant was found guilty of counts one and five. Additionally, the district court should check a box further down and indicate that "Count(s) *six* is dismissed on the motion of the United States." These are mere clerical mistakes which may be corrected by the district court at any time pursuant to Fed. R.Crim.P. 36.

Accordingly, counsel's motion to withdraw is granted, the district court's judgment is affirmed, and the action is remanded for correction of the clerical mistakes. Rule 34(j)(2)(C), Rules of the Sixth Circuit.